UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALEXANDER C. ALLEN, | |
| Petitioner, | |
| v. | CAUSE NO. 3:19-CV-564-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Alexander C. Allen, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the prison disciplinary hearing (SBW 19-04-4) where he was found guilty of Violation of Temporary Leave, Indiana Department of Correction (IDOC) offense A-120, on April 25, 2018. ECF 21. As a result, he was sanctioned with the loss of 90 days earned credit time and demoted from Credit Class I to Credit Class II. ECF 21. The Warden filed a response. ECF 27. Allen filed a traverse. ECF 31. The petition raises three grounds, but because Allen prevails on Ground Three, it is unnecessary to address the arguments raised in Grounds One or Two.

In Ground Three, Allen agues there was insufficient evidence to have found him guilty of Violation of Temporary Leave which the IDOC defines as "Failure to abide by any rules/conditions of the Temporary Leave Agreement." ECF 27-9 at 3. Allen argues he was not on Temporary Leave as provided for in Indiana Code 11-10-9-1 *et seq.* and the Temporary Leaves for Adult Offenders policy 02-04-104 (available at https://www.in.gov/idoc/files/02-04-104-Temporary-Leaves-5-1-2020.pdf). That

policy requires that an offender on Temporary Leave sign a Temporary Leave Agreement. Allen argues he did not sign a Temporary Leave Agreement. The Warden was ordered to provide "the entire administrative record" and the administrative record was submitted. *See* ECF 22 and 27. Nothing in this record includes a copy of a Temporary Leave Agreement nor any evidence indicating that Allen was on Temporary Leave.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Here, there is none.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Because there is no evidence Allen was on Temporary Leave, he must be granted habeas corpus relief. Nevertheless, an investigation concluded he was "off Cub's property and not engaged in work activities" when he was assigned to a work crew to clean up after a South Bend Cubs baseball game. ECF 27-2 at 2. Given that, prison officials may decide to charge him again based on these same events either with another offense or with the same offense where they submit a copy of his Temporary Leave

2

Agreement at the disciplinary hearing. They may do so because the Double Jeopardy Clause does not apply in prison disciplinary cases. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996).

For these reasons, the habeas corpus petition is GRANTED on Ground Three. The Warden is ORDERED to file documentation by **October 20, 2020**, showing the guilty finding in SBW 19-04-4 has been vacated and the earned credit time restored.

SO ORDERED on October 2, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT